| | |
|---|---|
| 1 | GEORGE A. RILEY (S.B. #118304) |
| | griley@omm.com |
| 2 | MARK E. MILLER (S.B. #130200) |
| | markmiller@omm.com |
| 3 | DAVID R. EBERHART (S.B. #195474) |
| | deberhart@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | Two Embarcadero Center, 28th Floor |
| 5 | San Francisco, CA  94111 |
| | Telephone:   (415) 984-8700 |
| 6 | Facsimile:    (415) 984-8701 |
| 7 | Attorneys for Plaintiff |
| | 24/7 Customer, Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 24/7 Customer, Inc.,<br><br>                    Plaintiff,<br><br>         v.<br><br>24x7ChatAgents,<br><br>                    Defendant. | Case No.  5:15-cv-01745<br><br>**COMPLAINT FOR**<br><br>**(1) Trademark Infringement; False Designation of Origin and False Description (Lanham Act § 43(a), 15 U.S.C. § 1125(a))**<br><br>**(2) Trademark Infringement (Common Law)**<br><br>**(3) False Advertising (Lanham Act § 43(a), 15 U.S.C. § 1125(a))**<br><br>**(4) Federal Trademark Dilution (Lanham Act § 43(c), 15 U.S.C. § 1125(c))**<br><br>**(5) California Trademark Dilution (Cal. Bus. & Prof. Code § 14247)**<br><br>**(6) Unfair Competition (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 24/7 Customer, Inc. ("[24]7") brings this action to enjoin defendant 24x7ChatAgents's ("ChatAgents") infringement of [24]7's family of trademarks, including the marks 24/7®, [24]7®, and 24/7 CUSTOMER® (collectively, the "[24]7 Marks"). [24]7 seeks permanent injunctive relief and damages under the laws of the United States and the State of California and alleges on knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff [24]7 is a corporation organized and existing under the laws of the State of California and has its principal place of business in Campbell, California. [24]7 is a market leading provider of outsourced customer support services and customer engagement software. [24]7's software and services help companies anticipate, simplify, and learn in order to provide smarter and more effective multi-channel customer service.

2. On information and belief, defendant ChatAgents administers and maintains the website http://www.24x7chatagents.com and has a place of business in Chicago, Illinois.

## JURISDICTIONAL STATEMENT

### Jurisdiction

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, 15 U.S.C. §§ 1116 and 1125, and 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over ChatAgents because ChatAgents conducts business, provides services, and committed acts of trademark infringement in California.

### Venue

5. Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and ChatAgents resides in this judicial district for purposes of 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

### [24]7 Registers, Uses In Commerce, and Protects the [24]7 Marks

6. [24]7 is a leading provider of business process outsourcing and customer engagement software and services. Since its inception in 2000, [24]7 has offered goods and services that provide businesses with outsourcing of sales and support services to agents at remote contact centers.

7. [24]7 has revolutionized the industry by developing a software platform that allows agents to contact users on multiple channels including web, mobile, chat, social, and phone. By offering multiple ways of interacting with users, [24]7 makes its customer contact agents more accessible and more efficient.

8. [24]7 has been a leader in customer analytics—[24]7 uses consumer data to help companies provide smarter and more effective customer sales and service. [24]7's Predictive Experience Platform uses consumer information to distribute targeted marketing offers and anticipate consumer service needs, which increases consumer satisfaction and revenue.

9. To protect [24]7's trademarks, [24]7 has secured numerous trademark registrations, including registrations for 24/7 (United States Registration No. 4,488,955), [24]7 (United States Registration No. 4,429,355), and 24/7 CUSTOMER (United States Registration No. 3,152,855) (collectively, "the [24]7 Marks").

10. The [24]7 Marks cover goods in International Class 9, including, "[c]omputer systems … and software for automating customer service and sales tasks, and for integrating automated customer service and sales tasks with live agent assistance; computer systems … and software for managing customer service and sales interactions delivered to consumers through computing and communications devices, including computers, tablets, phones and kiosks; computer systems … and software for automating, managing and analyzing live agent interactions with customers over computer and phone networks; computer systems … and software for the classification, navigation, search, retrieval, display and distribution of information in computer databases and over computer

networks; computer systems … and software for measuring and analyzing customer activity in automated interactions and agent-assisted interactions to predict and understand customer requests, preferences and interests; computer systems … and software used to create and administer software for automating customer service and sales tasks."

11. The [24]7 Marks also cover services in International Class 35, including, "[o]utsourcing services in the field of customer support and analysis in the nature of customer services, telemarketing and computer technical support; … consulting and customer analytics, namely, market analysis, process analytics in the nature of the development and the implementation of strategy plans and management projects; operation of offshore businesses for others for the technology, telecommunications, financial services, hospitality, logistics, insurance and retail industries; predictive customer experience services, namely, managing customer sales and service experiences, and measuring, analyzing, and predicting customer satisfaction; contact center services for managing end customer interactions across channels spanning the entire customer lifecycle; customer contact services, namely, services for developing, managing, and maintaining enterprise-grade, integrated speech customer contact applications delivered as a universal managed service."

12. The [24]7 Marks have been in use in California and in interstate commerce since at least April 11, 2000. [24]7's Registration for the trademark 24/7 CUSTOMER® is incontestable under 15 U.S.C. § 1065.

13. [24]7 has invested substantial resources in obtaining rights in the [24]7 Marks and developing consumer recognition and goodwill in the [24]7 Marks.

14. [24]7 serves many of the world's most recognized companies and brands, including Lenovo Group Ltd., Adobe Systems Inc., Avis Budget Group, Sirius XM Radio Inc., and Wyndham Hotel & Resorts, and other clients in the financial services, retail, technology, communications, and travel industries. [24]7's platform of services manages more than 2.5 billion interactions annually. And in 2013, Forbes included [24]7 on its list of "America's Most Promising Companies."

**ChatAgents Unlawfully Uses Marks Which Are Confusingly Similar to the [24]7 Marks to Promote ChatAgents's Nearly Identical Services**

15.  ChatAgents has been and is currently using the designation "24x7" which is nearly identical to the [24]7 Marks, and the designation "24x7ChatAgents," which is confusingly similar to the [24]7 Marks. ChatAgents uses the designations, "24x7" and "24x7ChatAgents," in connection with the sale, offers for sale, distribution, and advertisement of goods and services that are nearly identical to the goods and services offered by [24]7. Thus, ChatAgents is infringing the [24]7 Marks by creating a likelihood of confusion between ChatAgents and [24]7.

16.  As shown below, ChatAgents purports to provide goods and services that are the same as or similar to the goods and services provided by [24]7.

| [24]7's Goods & Services | ChatAgents's Good & Services |
| --- | --- |
| [24]7 offers contact center solutions, including providing contact center agents around the world. | ChatAgents claims to provide contact center agent services, and ChatAgents's website claims, "24x7ChatAgents has served its customers' requirements in 20 different countries around the world. We have a dedicated staff of over 100 employees, working in three different shifts catering to the needs of clients' website." (See, http://www.24x7chatagents.com/about.) |
| [24]7 provides customer analytics by using consumer data and [24]7's proprietary methods and systems, to help companies anticipate, simplify, and learn in order to provide smarter and more effective customer service. | ChatAgents claims to provide detailed customer reporting, and ChatAgents's website claims, "The sales lead capturing service offered by us at 24x7ChatAgents guarantees generating effective leads and a high ROI." (See, http://www.24x7chatagents.com/features/sales-lead-capturing.) |
| [24]7 provides a software platform that allows agents to provide service on multiple channels including web, mobile, chat, social, and phone. | ChatAgents claims to provide a software platform that allows agents to interact with customers through live chat. ChatAgents's website states, "We use industry's best live chat software." (See, http://www.24x7chatagents.com.) |

17. ChatAgents uses the designations "24x7" and "24x7ChatAgents" to advertise its goods and services, including use on its website. As shown below, ChatAgents's logo (right) prominently features the designation "24x7" and is likely to cause confusion with the [24]7 Marks, including the [24]7 logo (left).

| [24]7's Logo | ChatAgents's Logo |
|---|---|
| [24]7 | 24x7chatagents |

18. ChatAgents markets its goods and services to [24]7's potential customers, including clients in the following industries: "E-Commerce," "Finance/Insurance," "Healthcare," "Legal," "Marketing/Media," "Real Estate," "Service Providers" and "Tech/Manufacturing." (*See*, http://www.24x7chatagents.com.)

19. At no time has ChatAgents received a license or authorization from [24]7 to use the [24]7 Marks.

20. ChatAgents was on notice of the [24]7 Marks and [24]7's trademark rights—through [24]7's trademark registrations—prior to the time ChatAgents began doing business in the United States.

21. ChatAgents's ongoing unlawful use of the [24]7 Marks has irreparably harmed [24]7.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement; False Designation of**

**Origin/Description – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

22. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 21 above, and incorporates them by reference as if fully set forth herein.

23. [24]7 has used its [24]7 Marks since at least April 11, 2000 to identify its services in the United States. The relevant consuming market of the United States widely recognizes the [24]7 Marks as designating [24]7 as the source of services and/or goods.

24. ChatAgents's use of the designations "24x7" and "24x7ChatAgents" constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of ChatAgents with [24]7 and/or (b) the origin, sponsorship, or approval of ChatAgents's goods, services, or commercial activities by [24]7.

25. ChatAgents's wrongful activities have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, ChatAgents will continue those activities to the continued and irreparable injury of [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

26. Pursuant to 15 U.S.C. § 1117, [24]7, as the owner of the registered [24]7 Marks, is also entitled to recover (i) ChatAgents's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. ChatAgents's willful infringement of [24]7's Marks without excuse or justification renders this an exceptional case and entitles [24]7 to its reasonable attorney fees.

## SECOND CAUSE OF ACTION

**(Trademark Infringement – Common Law)**

27. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 26 above, and incorporates them by reference as if fully set forth herein.

28. [24]7 has used its [24]7 Marks since at least April 11, 2000 to identify its services in the California. The relevant consuming market of California widely recognizes the [24]7 Marks as designating [24]7 as the source of services and/or goods.

29. The relevant consuming market in California widely recognizes the [24]7 Marks as designating [24]7 as the source of services and/or goods. [24]7 has common law trademark rights in the [24]7 Marks under California law.

30. ChatAgents's wrongful activities in the State of California have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, ChatAgents will continue those activities to the continued and irreparable injury of [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

31. [24]7 is also entitled to recover (i) ChatAgents's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. ChatAgents's willful infringement of [24]7's common law trademark rights without excuse or justification entitles [24]7 to its reasonable attorney fees.

**THIRD CAUSE OF ACTION**

**(False Advertising – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

32. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 31 above, and incorporates them by reference as if fully set forth herein.

33. ChatAgents uses the designations "24x7" and "24x7ChatAgents" in connection with, and in commercial advertising or promotion of, its outsourcing and customer support service and products. ChatAgents's use of the designations "24x7" and "24x7ChatAgents" constitutes a false advertisement that misrepresents the nature,

1  characteristics and qualities of ChatAgents's outsourcing and customer service or has a
2  tendency to deceive a substantial segment of consumers into believing that ChatAgents's
3  service has the nature, characteristics, and/or qualities of [24]7's service.  This deception
4  is likely to influence consumers' purchasing decisions about ChatAgents's service and
5  products, thereby diverting revenues from [24]7 to ChatAgents. ChatAgents's use is also
6  likely to lessen the goodwill associated with [24]7's service and [24]7's products by
7  associating [24]7's outsourcing and customer support service with the inferior qualities of
8  ChatAgents's service.

9  34.  ChatAgents's wrongful activities have caused [24]7 irreparable injury.
10  [24]7 is informed and believes that unless said conduct is enjoined by this Court,
11  ChatAgents will continue those activities to the continued and irreparable injury of [24]7.
12  This injury includes a lessening of the goodwill associated with [24]7's trademarks and
13  injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no
14  adequate remedy at law.  [24]7 is entitled to a permanent injunction pursuant to 15 U.S.C.
15  § 1116 restraining and enjoining ChatAgents and its agents, servants, employees, and all
16  persons acting thereunder, in concert with, or on their behalf, from using in commerce the
17  designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation
18  that is confusingly similar to the [24]7 Marks.

19  35.  Pursuant to 15 U.S.C. § 1117, [24]7 is also entitled to recover (i)
20  ChatAgents's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit.
21  ChatAgents's willful infringement of [24]7's trademarks without excuse or justification
22  renders this an exceptional case and entitles [24]7 to its reasonable attorney fees.

### FOURTH CAUSE OF ACTION

**(Federal Trademark Dilution – Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

25  36.  [24]7 repeats and realleges each and every allegation of paragraphs 1
26  through 35 above, and incorporates them by reference as if fully set forth herein.

27  37.  The [24]7 Marks are famous and became famous prior to ChatAgents's use
28  of the designations "24x7" and "24x7ChatAgents."  Based on [24]7's extensive sales,

advertising, promotion, and marketing, the [24]7 Marks have become widely recognized by the general consuming public of the United States as a designation of the source of the goods and services provided by [24]7.

38. [24]7's Registration for the trademark 24/7 CUSTOMER® in particular is incontestable under 15 U.S.C. § 1065.

39. ChatAgents's use of the designations "24x7" and "24x7ChatAgents" blurs and/or tarnishes, thereby diminishing and/or diluting, the distinctive quality of the [24]7 Marks.

40. ChatAgents has diluted, and continues to dilute, the distinctive quality of [24]7's federally-registered [24]7 Marks, and has caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, ChatAgents will continue those activities to the continued and irreparable injury of [24]7. This injury includes a lessening of the goodwill associated with [24]7's trademarks and injury to [24]7's reputation among a substantial segment of the public that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction pursuant to 15 U.S.C. § 1125(c)(1) restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

41. Pursuant to 15 U.S.C. § 1117, [24]7 is also entitled to recover (i) ChatAgents's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. ChatAgents's willful infringement of [24]7's trademarks without excuse or justification renders this an exceptional case and entitles [24]7 to its reasonable attorney fees.

## FIFTH CAUSE OF ACTION

**(California Trademark Dilution – Cal. Bus. & Prof. Code § 14247)**

42. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 41 above, and incorporates them by reference as if fully set forth herein.

43. ChatAgents's use of the designations "24x7" and "24x7ChatAgents" has diluted, by blurring and/or by tarnishing, the distinctive quality of the [24]7 Marks, and such conduct is likely to further diminish and dilute [24]7's common law trademark rights in the [24]7 Marks in violation of Cal. Bus. & Prof. Code § 14247.

44. [24]7 is informed and believes, and thereupon alleges, that ChatAgents acted willfully, with the intent to trade upon the goodwill and reputation of [24]7, and with the intent to cause confusion, to cause mistake, or to deceive.

45. ChatAgents's actions have unfairly competed with and damaged [24]7 irreparably. [24]7 is informed and believes that unless said conduct is enjoined by this Court, ChatAgents will continue those activities to the continued and irreparable injury of [24]7. This injury includes a lessening of the goodwill associated with [24]7's trademarks and injury to [24]7's reputation among a substantial segment of the public that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

46. [24]7 is also entitled to recover (i) ChatAgents's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. ChatAgents's willful infringement of [24]7's trademarks without excuse or justification as entitles [24]7 to its reasonable attorney fees and treble damages.

**SIXTH CAUSE OF ACTION**

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law)**

47. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 46 above, and incorporates them by reference as if fully set forth herein.

48. ChatAgents's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

49. ChatAgents's acts are unlawful and/or unfair under the UCL because ChatAgents's use of the designations "24x7" and "24x7ChatAgents" in California is likely to confuse consumers as to the source, origin, or affiliation of ChatAgents's services, to misrepresent the nature, characteristics and qualities of ChatAgents's outsourcing and customer support services and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that ChatAgents's service has the nature, characteristics, and/or qualities of [24]7's service.

50. ChatAgents's acts of unfair competition in the State of California have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, ChatAgents will continue those activities to the continued and irreparable injury of [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and injury to [24]7's reputation among a substantial segment of the public that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

51. As a direct and proximate result of ChatAgents's statutory unfair competition, ChatAgents has been unjustly enriched in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, [24]7 hereby requests that this Court:

A. Enter a preliminary and a permanent injunction restraining and enjoining ChatAgents and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

B. Award [24]7 its ascertainable damages, costs, and attorneys' fees.

C. Award [24]7 ChatAgents's profits attributable to ChatAgents's unauthorized use of the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

D. Impose a constructive trust in favor of [24]7 on all profits obtained from ChatAgents's misappropriation of the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

E. Award [24]7 all amounts by which ChatAgents has been unjustly enriched through its use of the designations "24x7," and "24x7ChatAgents," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

F. Award such other and further relief as this Court deems just and proper.

Dated: April 17, 2015          O'MELVENY & MYERS LLP

                               By   /s/ Mark E. Miller

                               Mark E. Miller
                               Attorney for Plaintiff
                               24/7 CUSTOMER, INC.

JURY DEMAND

[24]7 respectfully requests a jury trial on all issues triable thereby.

Dated: April 17, 2015  O'MELVENY & MYERS LLP

By /s/ Mark E. Miller

MARK E. MILLER
Attorney for Plaintiff
24/7 CUSTOMER, INC.